IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LATOYA WARE, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| *-vs-* | ) |
| | ) |
| KIM FOXX, COOK COUNTY | ) |
| STATE'S ATTORNEY, COOK | ) |
| COUNTY, and unknown county | ) |
| employees, | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

Plaintiff Latoya Ware, by her attorneys, Loevy & Loevy, hereby complains

against the Defendants, Kim Foxx, as Cook County State's Attorney, unknown county

employees, and Cook County, and states as follows:

### Introduction

1.      Plaintiff Latoya Ware's brother was murdered when she was a child.

2.      When it was time for the Cook County State's Attorney's Office

(CCSAO) to try the person who was accused of his murder, the office should have

provided Ms. Ware with the support that victims of crime and their families need.

3.      Instead, the CCSAO victimized her all over again. Namely, it issued a

subpoena ordering Ms. Ware to appear at the courthouse on a day when there was no

court proceeding in the homicide case. When Ms. Ware did not appear, the CCSAO had

her arrested and held in Cook County jail for a month and then on electronic monitoring

after her release.

4.      The subpoena issued by the CCSAO was not lawful.

5.     Contrary to what the document said, the subpoena was not actually for providing testimony in court (and court did not proceed on the day the CCSAO sought to force Ms. Ware to come to the courthouse).

6.     Instead, the purpose of the subpoena was to force Ms. Ware to meet with CCSAO prosecutors to prepare her for potential testimony at a future trial against the person the CCSAO has accused of murdering her brother.

7.     Illinois law does not permit prosecutors to subpoena a witness to meet with the prosecutor ever, including to "prep" for potential testimony.

8.     Nonetheless, the CCSAO has for years routinely issued "prep" subpoenas to witnesses simply for the convenience of prosecutors and to permit them to use the threat of arrest to force people to speak with them. If prospective witnesses do not comply with a "prep" subpoena, the CCSAO seeks their false arrest.

9.     Just as it did with Ms. Ware, the CCSAO has a pattern and practice of issuing "prep subpoenas" to witnesses in preparation for criminal proceedings.

10.     These subpoenas purport to order witnesses to appear "to testify" at a specific date and time at a specific court room in front of a specific judge with an indication that the "failure to appear in response to the subpoena will subject" the individual to "contempt of court."

11.     As part of this established practice in the CCSAO, the information on the subpoena about testifying in court is false: There is no actual court date at that date and time, and the recipient of the subpoena is not ordered or even expected to testify that day. Rather, as a matter of policy and practice, the CCSAO uses the subpoenas to compel witnesses to come to their office to "prep" for testimony at a subsequent court date.

12.     Serving "prep" subpoenas that compel people to appear for preparation meetings and then arresting individuals who do not comply with those subpoenas is an abuse of process that violates the United States Constitution and state law.

13.     Plaintiff brings this lawsuit seeking to end the unconstitutional practice of serving unlawful "prep" subpoenas and then arresting and depriving individuals of their liberty when they fail to comply with the subpoenas.

## Jurisdiction and Venue

14.     This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

15.     This Court has jurisdiction over pursuant to 28 U.S.C. § 1331.

16.     Venue is proper under 28 U.S.C. § 1391(b). Plaintiff and Defendants reside in this district, and the events giving rise to the claims asserted herein occurred within this judicial district.

## The Parties

17.      Plaintiff Latoya Ware is a 20-year-old woman who lives in Chicago, Illinois.

18.     Defendant Kim Foxx is the current State's Attorney in Cook County, Illinois.

19.     Defendant Cook County is a governmental entity in the State of Illinois, which consists in part of its Cook County State's Attorney's Office. Defendant Cook County is a necessary party to this lawsuit.

3

**Factual Background**

**The "prep" subpoena served on Plaintiff**

20.     In 2016, Plaintiff Latoya Ware, then 15 years old, was inside her home when her brother was murdered outside.

21.     The Cook County State's Attorney's Office is the prosecuting agency for the case against the person accused for murdering Ms. Ware's brother (the "homicide case").

22.     The Cook County State's Attorney's Office conducts homicide prosecutions out of the Leighton Criminal Courthouse in Cook County, a complex at 2600 S. California Ave. in Chicago.

23.     The Leighton Criminal Courthouse has many courtrooms, as well administrative offices, including the official offices of Assistant State's Attorneys.

24.     On or around July 29, 2021, an Assistant State's Attorney in Defendant Foxx's office prepared a "prep subpoena" in the homicide case.

25.     The subpoena purported to "command" Ms. Ware "to appear to testify" on August 20, 2021 in a specific courtroom at the Leighton Criminal Courthouse in Cook County in connection with the homicide case.

26.     The subpoena was false. There was no court date for the homicide case on August 20, 2021, and therefore nothing for which Ms. Ware could be commanded to appear to testify.

27.     Rather, the subpoena was a "prep subpoena," and its sole intention was to get Ms. Ware to the courthouse to speak with the prosecutors in preparation for the actual trial in the homicide case at a later date.

4

28.     Indeed, after the subpoena falsely stated that Ms. Ware was ordered to testify, the subpoena also directed that Ms. Ware should "please come to Room 12B32 before going to court."

29.     Room 12B32 is an office for the Cook County prosecutor, not a courtroom, and there was no court appearance in the homicide case scheduled that day to which Ms. Ware could go thereafter.

30.     The subpoena indicated, in bold and all caps, that Ms. Ware's "FAILURE TO APPEAR IN RESPONSE TO THIS SUBPOENA WILL SUBJECT YOU TO PUNISHMENT FOR CONTEMPT OF THIS COURT."

31.     Ms. Ware did not appear on August 20, 2021 at either the courtroom or the prosecutor's office.

32.     Even though the prep subpoena was unlawful, and even though there actually was no court date, the CCSAO would not relent and instead sought to have Ms. Ware arrested simply for not showing up to talk to a prosecutor.

33.     That same day, at the direction of a member of the CCSAO and pursuant to the CCSAO's established practices, an arrest warrant was issued for Ms. Ware for failing to appear for "trial prep" with the prosecutor.

34.     There was no legal basis for this order or for the CCSAO seeking such an order. Illinois law permits litigants to issue subpoenas for court proceedings, not for private meetings with attorneys.

35.     Illinois law does not authorize prosecutors to subpoena witnesses to prep for trial testimony, and it does not require witnesses to meet with prosecutors for that purpose.

5

36.     In or around February 22, 2022, Ms. Ware—who has no prior criminal record—was arrested on the warrant and indicted for misdemeanor contempt.

37.     Shockingly, though her only interaction with law enforcement in the homicide case was being in her home when her older brother was murdered outside, pursuant to its established practices, the CCSAO indicted and prosecuted Ms. Ware simply for not showing up to a "prep" meeting.

38.     To make matters worse, the CCSAO sought to ruin Ms. Ware's life, and displace her from her child. After her arrest, with the assent and request of the CCSAO, Plaintiff was held in the Cook County jail on a "no bond" order. No bond orders are typically reserved for people accused of serious crimes such as murder or for people who have significant criminal histories, as they foreclose the possibility of release.

39.     Plaintiff, who has no criminal record and committed no crime, spent a month in dangerous conditions in jail, where she was subject to increased exposure to COVID-19, and separated from her young daughter and the rest of her family, for absolutely no legitimate reason.

40.     Pursuant to its established policies and practices, the CCSAO sought, and obtained, the imprisonment of Ms. Ware simply for not showing up to talk to a prosecutor about her older brother being murdered.

41.     Eventually, after the CCSAO fought hard to keep her in jail, Plaintiff was subsequently released on electronic home monitoring.

42.     Even then, the CCSAO did not relent. While on home monitoring, Plaintiff was subjected to a second "prep" subpoena, and a demand by the CCSAO that

she appear at the Leighton Criminal Courthouse at a date and time when there were no court proceedings scheduled in the homicide case.

43.     Though the second subpoena was eventually withdrawn after multiple requests by Ms. Ware's counsel and the contempt charges dismissed, Plaintiff remains at risk of receiving further "prep" subpoenas and being subjected to further bogus charges if she does not comply with illegal subpoenas.

**The Cook County State's Attorney's Office has a policy of serving illegal "prep subpoenas"**

44.     Plaintiff is not the only victim of the Cook County State's Attorney's illegal practice of issuing fake subpoenas for court dates that do not exist.

45.     Rather, the practice is widespread and routine and has been for many years.

46.     Indeed, the prosecutor who issued the improper trial preparation subpoenas to Ms. Ware explained in open court that "prep" subpoenas are issued "every day in" Cook County criminal court.

47.     Along the same lines, on February 10, 2022, in the matter of *People v. Joseph Janke*, 12 CR 12832(02) (Janke Case), a former Cook County State's Attorney Investigator testified that during his approximately ten years of employment with the CCSAO (up and through December 31, 2021), he routinely served "prep subpoenas."

48.     The CCSAO should not need to "prep" witnesses upon penalty of imprisonment just to secure convictions, and it certainly does not have the legal right to do so.

**Count I: 42 U.S.C. § 1983 – Fourth Amendment Claim**

49.     Each paragraph of this Complaint is incorporated as if restated fully herein.

50.     In the manner described more fully above, Defendants accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so and in spite of the fact that they knew Plaintiff was innocent.

51.     In doing so, Defendants caused Plaintiff to be unreasonably seized without probable cause and deprived of her liberty, in violation of Plaintiff's rights secured by the Amendment.

52.     The false judicial proceedings against Plaintiff were instituted and continued maliciously, resulting in injury.

53.     As a result of Defendants' misconduct described in this Count, Plaintiff suffered loss of liberty, great mental anguish, humiliation, degradation, emotional pain and suffering, physical deprivation and discomfort, and other grievous and continuing injuries and damages as set forth above.

54.     Defendants' misconduct described in this Count was undertaken pursuant to the policies, practices, and customs of Defendant Kim Foxx as the Cook County State's Attorney, in the manner described more fully above.

**Count II: Abuse of Process**

55.     Each paragraph of this Complaint is incorporated as if restated fully herein.

56.     The Defendants took the actions described more fully above, including instituting and continuing a criminal proceeding against the Plaintiff, with an ulterior

purpose or motive other than resolving a legal dispute or resolving the guilt or innocence of Plaintiff for any crime. The Defendants also committed willful acts in the use of the legal process which were not proper in the regular conduct of the criminal proceedings. The Defendants used their unique ability to indict, arrest, and prosecute people and their control of the courts for improper, unlawful means.

57.     Defendants were acting under color of law and within the scope of their employment when they took these actions.

## Count III: Indemnification

58.     Each paragraph of Complaint is incorporated as if restated fully herein.

59.     Under Illinois law, Cook County has an obligation to indemnify Cook County officials, such as Defendant Foxx and other unknown county employees, for any judgment entered in this case, making the County a necessary party to this complaint.

WHEREFORE, Plaintiff requests judgment as follows:

    a.  A Judgment that Defendants violated 42 U.S.C. § 1983 and the Fourth Amendment to the United States Constitution;

    b.  An order barring Defendants from issuing "prep" subpoenas;

    c.  An order injunction barring Defendants from effectuating arrests based on alleged noncompliance with "prep" subpoenas;

    d.  An award of monetary damages;

    e.  An award of attorneys' fees and costs; and

    f.  Such other relief as the nature of the case may require or the Court may deem just and proper.

## JURY DEMAND

Plaintiff, Latoya Ware, hereby demands a trial by jury pursuant to Federal Rule of

Civil Procedure 38(b) on all issues so triable.

Respectfully submitted,

/s/ Scott Rauscher
One of Plaintiff's Attorneys

Jon Loevy
Arthur Loevy
Scott Rauscher
Joshua Tepfer
Loevy & Loevy
311 North Aberdeen Street
Third Floor
Chicago, Illinois 60607
Phone: (312) 243-5900
scott@loevy.com